## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN McKINLEY, on Behalf of Himself and Others Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.  CIV-14-649-M |
| MID-CONTINENT WELL LOGGING SERVICE, INC., | ) ) ) | |
| Defendant. | ) ) | |

### FINAL ORDER AND JUDGMENT

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, filed February 24, 2016. Having reviewed plaintiffs' unopposed motion and having heard from the parties in this matter at a fairness hearing held March 3, 2016, the Court GRANTS is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement [docket no. 46] and FINDS as follows:

WHEREAS, the Named Plaintiff John McKinley (Plaintiff or McKinley) on behalf of himself and the members of the Class, and Defendant Mid-Continent Well Logging Service, Inc. (Mid-Continent) entered into a Class and Collective Action Settlement Agreement dated November 13, 2015 (the Settlement Agreement), that provides for the payment of $1,400,000.00 and a complete dismissal with prejudice of the claims asserted in the above-referenced litigation ("Action") against Mid-Continent on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court;

WHEREAS, by Order dated December 7, 2015 (the "Preliminary Approval Order"), this Court (a) preliminarily certified, for settlement purposes only, the Class; (b) preliminarily

approved the Settlement Agreement; (c) ordered that notice of the proposed Settlement Agreement be provided to members of the Class; (d) provided Class Members with the opportunity to exclude themselves from the proposed Settlement Agreement, (e) provided Class Members with the opportunity to object to the proposed Settlement Agreement, and (f) scheduled a hearing regarding final approval of the Settlement Agreement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, notice was mailed and emailed to 193 Class Members;

WHEREAS, one hundred twenty (120) Class Members (62.76% of the total) submitted a claim form making them part of the Fair Labor Standards Act ("FLSA") Sub-Class;

WHEREAS there were no objections filed regarding the Settlement Agreement;

WHEREAS one class member timely filed a Request for Exclusion; and

WHEREAS, the Court conducted a hearing on March 2, 2016 ("Final Approval Hearing) to (a) determine whether the Settlement Agreement should be approved by the Court as fair, reasonable and adequate; (b) determine whether judgment should be entered pursuant to the Settlement Agreement, *inter alia,* dismissing the Action against Mid-Contient with prejudice and extinguishing and releasing all Settled Claims (as defined therein) against all Mid-Continent Releasees and all Class Member Releasees ("Released Parties"); (c) determine whether the Class should be finally certified for settlement purposes pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3); (d) rule on Class Counsel's application for an award of attorneys' fees and the reimbursement of litigation expenses; (e) rule on the Named Plaintiff's request for a Case Service Award; and (f) rule on such other matters as the Court may deem appropriate.

The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court, for purposes of this Final Order and Judgment (the "Judgment") adopts all defined terms as set forth in the Settlement Agreement, and incorporates them herein by reference as if fully set forth.

2.      The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement Agreement, as well as personal jurisdiction over all of the Settling Parties and each of the Class Members.

3.      The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: the number of Class Members is so numerous that joinder of all Class Members is impracticable; there are questions of law and fact common to the Class; the claims of the Named Plaintiff are typical of the claims of the Class he seeks to represent; the Named Plaintiff and Class Counsel have at all times fairly and adequately represented the interests of the Class; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: the interests of the Class Members in individually controlling the prosecution of the separate actions, the extent and nature of any litigation concerning the controversy already commenced by members of the Class, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of the class action.

4.      Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court has certified, for settlement purposes only, two sub-classes:

   a.      **FLSA Settlement Class**

          All persons who were employed by Mid-
          Continent or any subsidiary as a mudlogger at
          any time from June 20, 2011 through October 26,
          2014.

**b.**     <u>**Rule 23 Settlement Class**</u>

> All persons who were employed by Mid
> Continent or any subsidiary as a mudlogger
> within the State of Oklahoma at any time from
> June 20, 2011 through October 26, 2014.

5.     The Notice (i) constituted the best notice practicable under the circumstances to all persons within the definition of the sub-Classes, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Stipulation, including releases, of their right to object to the proposed Settlement, of their right to participate in the Settlement, of their right to exclude themselves from the Class, and of their right to appear at the Final Approval Hearing, (iii) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Local Court Rules, and any other applicable law.

6.     Pursuant to and in accordance with Rule 23, the Settlement Agreement, including, without limitation, the Settlement Amount, the releases set forth therein, and the dismissal with prejudice of the Settled Claims against the Released Parties set forth therein, is finally approved as fair, reasonable and adequate. The Settling Parties are hereby authorized and directed to comply with and to consummate the Settlement Agreement in accordance with its terms, and the Clerk of this Court is directed to enter and docket this Judgment in the Action.

7.     The Action and the Complaint and all claims included therein, as well as all Settled Claims (defined in the Settlement Agreement and in Paragraph 8(c) below), which the Court finds was filed against Mid-Continent on a good faith basis by the Named Plaintiff and

Class Counsel in accordance with Federal Rule of Civil Procedure 11, are dismissed with prejudice as to the Class Member Releasees (defined in the Settlement Agreement and Paragraph 8(b) below), and as against each and all of the Mid-Continent Releasees (defined in the Settlement Agreement and in Paragraph 8(a) below). The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

8.      As used in this Judgment, the term "Mid-Continent Releasees shall mean Mid-Continent and each of its respective past, present, and future owners, stockholders, parent corporations, related or affiliated companies, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and their respective successors and predecessors in interest, each of their company-sponsored employee benefit plans of any nature (including, without limitation, profit-sharing plans, pension plans, 401(k) plans, and severance plans) and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents, and any individual or entity which could be jointly liable with Mid-Continent.

9.      "Settled Claims" means all claims, rights, demands, liabilities and causes of action of every nature and description whatsoever, whether known or unknown, that were asserted in the Lawsuit or that otherwise relate in any way to the payment, non-payment, underpayment, and/or delayed payment of wages during the Class Period, including but not limited to claims under the FLSA and the Oklahoma Protection of Labor Act.

10.      Notwithstanding Paragraphs 7 & 8 herein, nothing in this Judgment shall bar any action or claim by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     This Judgment and the Settlement Agreement, including any provisions contained in the Settlement Agreement, any negotiations, statements, or proceedings in connection therewith, or any action undertaken pursuant thereto:

(a) shall not be admissible in any action or proceeding for any reason, other than an action to enforce the terms hereof; and

(b) is not, and shall not be deemed, described, construed, offered or received as evidence of any presumption, concession, or admission by any person or entity of the truth of any fact alleged in the Action; the validity or invalidity of any claim or defense that was or could have been asserted in the Action or in any litigation; the amount of damages, if any, that would have been recoverable in the Action; or any liability, negligence, fault, or wrongdoing of any person or entity.

12.     Mid-Continent shall make all payments into the Qualified Settlement Fund as set forth in the Settlement Agreement.

13.     The Administrator shall make payments to Class Members in installments on March 31, 2016, September 30, 2016, March 31, 2017, and September 31, 2017.

14.     (a)     In the event of a default by Mid-Continent for failure to make any timely payment according to the schedule set forth in the Settlement Agreement, Bruckner Burch PLLC shall issue written notice to Mid-Contient through its counsel, William A. Johnson, at the following address: Hartzog, Conger, Cason & Neveille, 201 Robert S Kerr Avenue, 1600 Bank of Oklahoma Plaza, Oklahoma City, OK 73012. The notice shall state that Mid-Continent is in default and that Mid-Continent must cure the default within fifteen (15) business days of receipt of the notice.

(b)     If the default is not cured within this fifteen-day period, Mid-Continent will be deemed to be in violation of the Settlement Agreement and this Order.  Upon any such violation, Mid-Continent agrees to allow Bruckner Burch PLLC to file a motion before this Court to seek a confession of judgment against it for the full amount of the unpaid balance that is due and owing as of the date of the default.  Mid-Continent agrees to waive service of process in connection with any action to obtain the confession of judgment against it as provided by this provision.  In addition, Mid-Continent agrees to pay the reasonable attorneys' fees and costs incurred by Bruckner Burch PLLC in connection with securing a confession of judgment and collecting any such unpaid balance under this provision.

15.     The Court finds that the Settling Parties and their counsel have complied with the requirements of Rule 11 as to all proceedings herein, and that Named Plaintiffs and Class Counsel at all times acted in the best interests of the Class and had a good faith basis to bring, maintain and prosecute this Action as to Mid-Continent in accordance with Rule 11. The Court further finds that the Named Plaintiffs and Class Counsel adequately represented the Class Members in entering into and implementing the Settlement.

16.     No Class Member shall have any claim against Class Counsel, the Claims Administrator, or other agent designated by Class Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court.

17.     Any order approving or modifying the application by Class Counsel for an award of attorneys' fees and reimbursement of expenses, or any request of the Named Plaintiffs for reimbursement of reasonable costs and expenses shall not disturb or affect the Finality of this Judgment, or the Settlement Agreement.

18.     The Notice stated that Class Counsel would move for attorneys' fees and costs in an amount not to exceed 40% of the Gross Settlement Fund. In their Motion for Final Approval, Class Counsel requested a total amount of attorneys' fees and costs equal to 40% of the Gross Settlement Fund.

19.     Class Counsel is hereby awarded a total of $560,000.00 in reimbursement of fees and expenses, which sum the Court finds to be fair and reasonable. The foregoing award of fees and expenses shall be paid to Bruckner Burch PLLC from the Gross Settlement Fund, and such payment shall be made at the time and in the manner provided in the Settlement Agreement. The appointment and distribution among Plaintiffs' Counsel of any award of attorneys' fees shall be within Bruckner Burch LLP's sole discretion.

20.     Named Plaintiff John McKinley is hereby awarded $5,000.00 for his costs and expenses directly relating to the representation of the Class, which the Court finds is fair and reasonable. The foregoing awards of costs and expenses shall be paid to the Named Plaintiff from the Gross Settlement Fund, and such payment shall be made at the time and in the manner provided in the Settlement Agreement

21.     In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court makes the following findings of fact and conclusions of law:

(a)     Tenth Circuit's preferred approach for determining attorneys' fees in common fund cases is the percentage of the fund method. *See, e.g., Gottlieb v. Barry,* 43 F.3d 486 (10th Cir.1994);

(b)     Under this approach the Court evaluates the reasonableness of the requested percentage by analyzing the applicable factors contained in *Johnson v. Ga. Highway Express,*

8

*Inc.,* 488 F.2d 714 (5th Cir.1974); *see Brown v. Phillips Petroleum Co.,* 838 F.2d 451 (10th Cir.1988);

(c)     A majority of circuits recognize that trial courts have the discretion to award fees based solely on a percentage of the fund approach and are not required to conduct a lodestar analysis in common fund class actions. *See, e. g., Union Asset Mgmt. Holding A.G. v. Dell, Inc.,* 669 F.3d 632, 644 (5th Cir.2012);

(d)     An award of 40% is within the range of acceptable fee awards in common fund cases. *Chieftain Royalty Co. v. Laredo Petroleum, Inc.*, 2015 WL 2254606, at *3 (W.D. Okla. May 13, 2015) ("An award of forty percent (40%) of the settlement value is well within the range of acceptable fee awards in common fund cases."); *Vaszlavik v. Storage Corp.*, 2000 WL 1268824, at *2 (D. Colo. Mar. 9, 2000) ("Fees for class action settlements generally range from 20%-50%."); *Cimarron Pipeline Const., Inc. v. Nat'l Council on Comp. Ins.*, 1993 WL 355466, at *2 (W.D. Okla. June 8, 1993) ("Fees in the range of 30–40% of any amount recovered are common in complex and other cases taken on a contingent fee basis.");

(e)     Over 193 copies of the Notice were disseminated to putative Class Members stating that Class Counsel were moving for attorneys' fees not to exceed 40% of the Gross Settlement Fund. Zero (0) objections were filed by Class Members against the terms of the proposed Settlement Agreement or the fees and expenses contained in the Notice and Class Counsel's application;

(f)     Class Counsel has conducted the litigation and achieved the Settlement in good faith and with skill, perseverance and diligent advocacy;

(g)     Had Class Counsel not achieved the Settlement there would remain a significant risk that the Named Plaintiffs and the Class may have recovered less or nothing from the Mid-Continent; and

(h)     The amount of attorneys' fees awarded and expenses reimbursed from the Gross Settlement Fund are fair and reasonable under all of the circumstances and consistent with awards in similar cases.

22.     Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Class Member Releasees and the Mid-Continent Releasees for purposes of: (a) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Plan of Allocation, and this Judgment; (b) hearing and determining any application by Class Counsel for an award of attorneys' fees, costs, and expenses and/or reimbursement to the Named Plaintiffs, if such determinations were not made at the Fairness Hearing; (c) supervising the distribution of the Gross Settlement Fund and/or the Net Settlement Fund; and (d) resolving any dispute regarding a party's right to terminate pursuant to the terms of the Settlement Agreement.

23.     In the event that the Settlement Agreement is terminated or does not become Final in accordance with the terms of the Settlement Agreement for any reason whatsoever, then this Judgment shall be rendered null and void and shall be vacated to the extent provided by and in accordance with the Settlement Agreement, including with respect to the repayment by Class Counsel of attorneys' fees and costs that are awarded by the Court, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

24.     In the event that, prior to the Effective Date, the Named Plaintiffs or Mid-Continent institutes any legal action against the other to enforce any provision of the Stipulation or this Judgment or to declare rights or obligations thereunder, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs incurred in connection with any such action.

25.     There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Federal Rule of Civil Procedure 54(b)

**IT IS SO ORDERED this 2nd day of March, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE